[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Stamford, Connecticut on May 13, 1978. The plaintiff is a lifelong resident of this state. There are no children issue of this marriage. The evidence reveals that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 34, is a registered nurse. She has worked during the entire marriage and presently is employed by a medical group of Norwalk doctors. She is currently experiencing some medical problems and is receiving medical attention.
The defendant, age 38, is a fire fighter for the Town of Greenwich. He has been very industrious during the marriage and has held three jobs simultaneously for a number of years.
The evidence indicates that the defendant must assume the major responsibility for the breakdown of the marriage.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81 and46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
1. The condominium jointly owned by the parties is located at 51-4 Old Kings Highway, Old Greenwich, Connecticut. By agreement, the property has been listed for sale. The court approves the stipulation of the parties that they shall accept any offer equal to or exceeding $250,000. The court reserves jurisdiction to resolve any disputes arising involving the mechanics of the sale.
A. After payment of the existing first mortgage to Dime Savings Bank, real estate commissions, and all customary closing CT Page 725 expenses, the net proceeds shall be distributed as follows:
1. Payment to defendant's mother the balance of the loan from her in the approximate amount of $7000.00;
2. Of the remaining proceeds, the plaintiff shall receive sixty (60%) percent, and the defendant shall receive forty (40%) percent.
B. The defendant shall vacate the condominium no later than August 8, 1990. Thereafter, the plaintiff shall have the right of exclusive possession of the unit until it is sold. During such period of time, the defendant shall contribute $225.00 per week towards the payment of the monthly mortgage and common charges. Each party may claim as a deduction for federal income tax purposes, if permitted by the Internal Revenue Code, one-half of the total mortgage payments made until the sale of the condominium occurs. Any real property taxes due after August 1, 1990, shall be paid as an adjustment at the time of sale of the condominium.
2. Upon the sale of the condominium, and for a period of ten (10) years thereafter, or until the death of either party or the plaintiff's remarriage, whichever event shall first occur, the defendant shall pay as periodic alimony to the plaintiff the sum of $1 per year. A contingent wage withholding order may enter.
A. As security for the defendant's obligation to pay periodic alimony, the defendant shall name the plaintiff as beneficiary of $25,000 of a life insurance policy on the defendant's life, for as long as the defendant is obligated to pay periodic alimony.
3. The defendant is awarded his pension with the Town of Greenwich and his profit sharing plan with Toyota of Greenwich.
The defendant shall pay to the plaintiff, in lieu of any interest in the defendant's pension, the sum of $7,500.00. This sum shall be paid at the time the condominium of the parties is sold.
4. The monies on deposit in joint accounts at Greenwich Federal Savings and Loan shall be equally divided between the parties.
5. The plaintiff has presently secondary coverage on her medical insurance through the defendant's medical insurance plan. The plaintiff also has drug prescription coverage through the defendant's medical insurance policy. CT Page 726
If the defendant's medical insurance plan provides for COBRA rights for secondary coverage and for prescription drug coverage, the defendant shall assist the plaintiff in obtaining such coverage, at the plaintiff's expense.
6. The tax refund check from the Internal Revenue Service in the approximate amount of $2,800.00 shall be disbursed as follows:
 a. Payment of balance on plaintiff's Visa bill in the approximate amount of $700.00;
 b. Payment of July 1, 1990 real estate tax installment due to Town of Greenwich;
 c. Equal division between parties of remaining funds.
7. The parties shall retain their respective automobiles, assume the responsibility for any loans against same, and hold the other harmless from any liability thereon.
8. The plaintiff's maiden name of Curran is ordered restored.
9. The plaintiff is awarded her securities, ATT and NYNEX. The defendant is awarded his U.S. Savings Bonds and personal checking account.
10. The parties shall mutually divide their personal property. In the event they are unable to do so, the court reserves jurisdiction to decide any disputes.
11. The defendant shall pay to the plaintiff as a contribution towards attorney's fees the sum of $2,500.00.
Judgment may enter accordingly.
NOVACK, J.